U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MAR 2 0 2008
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

RONALD R. RUSSELL, JR.                    DOCKET NO. 07-CV-2222; SEC. P

VERSUS                                    JUDGE DRELL

DAVID STEVENSON, ET AL.                   MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of inmate Ronald R. Russell, Jr., on December 17, 2007. Russell was granted *in forma pauperis* status on January 14, 2008. Russell is confined at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He names as defendants David Stevenson and the City of Natchitoches Department of Public Works.

FACTUAL BACKGROUND

Russell alleges that, on the afternoon of December 5, 2007, he was working with the "work detail" in the City of Natchitoches, cleaning up pine trees at a private residence. Plaintiff was waiting to use the wood chipper when a woman drove up at the residence next door because the city's equipment was blocking her driveway. The woman passed by the plaintiff and he said, "Excuse me," and the woman smiled at him in return.

Plaintiff claims that Defendant Stevenson then approached Plaintiff and "jabbed his finger" in Plaintiff's face, instructing

Plaintiff to go into the backyard. As Plaintiff began to proceed to the backyard, the defendant told Plaintiff to first finish placing two logs into the chipper. Plaintiff did as he was told, and then Defendant Stevenson forcefully put his hand into the back of Plaintiff's head, grabbing Plaintiff's neck with one hand and retrieving his Mace with the other hand. Plaintiff claims that Stevenson walked Plaintiff to the van and pushed him against the side of the van, opened the door, and then pushed Plaintiff into the van, telling him to stay there until work detail was over.

Plaintiff claims that, as a result of the incident, he has been having neck problems and fears for his well-being because Defendant Stevenson is still his work detail supervisor. Plaintiff is seeking monetary damages in the amount of $500,000.00 for medical expenses and mental anguish.

LAW AND ANALYSIS

I.   DE MINIMIS USE OF FORCE

Not every malevolent touch by a prison guard gives rise to a federal cause of action. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992)(citation omitted). The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.' " Id., (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)(citations omitted)); see also Siglar v. Hightower,

2

112 F.3d 191, 193-94 (5th Cir.1997) (bruised ear lasting for three days after guard twisted inmate's ear and held his arm behind his back was de minimis and did not state a claim for excessive force). For example, a convicted prisoner clearly does not have a cognizable Eighth Amendment claim every time he or she is pushed or shoved. See Hudson, 503 U.S. at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.), cert. denied, 414 U.S. 1033 (1973)).

In the instant case, Plaintiff claims that, while working outside of the jail at or near a private residence, Defendant Stevenson grabbed his neck from behind and walked Plaintiff over to the van, pushing Plaintiff into the van and telling him to stay there until work detail was over. This encounter took place after Plaintiff had some sort of friendly exchange with a woman at the job site. While Plaintiff states that Stevenson initially retrieved his Mace from his pocket, the defendant did not actually spray the Mace. Based on the Plaintiff's complaint and amended complaint, it is evident that the use of force in this instance was de minimis and not "malicious and sadistic" or of the sort that is "repugnant to the conscious of mankind." Whitley, 425 U.S. at 327.

II.  DE MINIMIS PHYSICAL INJURY

The Fifth Circuit has held that some physical injury is an indispensable element of an Eighth Amendment excessive force claim. See Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999), citing Knight v. Caldwell, 970 F.2d 1430, 1432-33 (5th Cir. 1992) (Hudson

3

"does not affect the rule that requires proof of injury, albeit significant or insignificant;" "injury" properly defined as physical injury).  Also, 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996.  The "physical injury" required by §1997e(e) must be more than de minimis, but need not be significant.  Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)).

The Fifth Circuit has not defined the parameters of what constitutes a "physical injury."  However, some guidance in this context is offered by the case of Luong v. Hatt, 979 F.Supp. 481 (N.D. Tex. 1997).  In that case, the court analyzed the "physical injury" requirement in the context of excessive force or failure to protect claims.  The court reasoned that the determination of whether an injury exceeds the de minimis threshold should be determined based upon how "people in a free world setting in exercising their day-to-day medical care would treat such injuries."  Luong, 979 F. Supp. at 486.  The court noted, "Just as an example, there are numerous scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., which are suffered by free world people in just every day living for which they never seek professional medical care.  Thus, an appropriate de minimis standard would be whether as a commonsense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor

4

attend to, give an opinion, diagnosis and/or medical treatment for the injury?  In effect, would only home treatment suffice?" Id. at 486.

"A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional.  It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks.  People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care.  Thus, the seriousness of the injury needed to rise about [sic] de minimis, would ... require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)." Luong, 979 F.Supp. at 486.

Plaintiff was directed to "amend his complaint to (1) describe his injury in detail, (2) allege whether he has sought any medical treatment for the alleged problem, and (3) what type of medical treatment, if any, he has received."  [Doc. #6]  In response to this directive, he alleged that he only sought medical treatment from a nurse on the date of the incident, and the nurse provided Plaintiff with ibuprofen and a cold compress.  Plaintiff claims that he still experiences some pain, although "not severe," and

that he has not sought treatment from a doctor, but he plans to be seen at some point.  Despite his pain, Plaintiff has been able to continue his work on the "work detail" crew.  The injury described by Plaintiff, like the use of force, falls into the category of de minimis.

### CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

6

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ____ day of _____ , 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7